**THE PERKINS FIRM, LLC**
Paul I. Perkins, Esq. (SDNY Bar#PP0322)
40-21 Bell Blvd., Second Floor
Bayside NY 11361
T: 551.502.0042
F: 201.254.3353
E: pip@p-firm.com
***Attorneys for BJ66, LLC***

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BJ66, LLC

Plaintiff, Civil Action No.

against

KOGV, LLC, GISELLE DEIACO, ROBERTO DEIACO and JOHN DOE

Defendants

**COMPLAINT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BJ66, LLC ("BJ66") (collectively "Plaintiffs"), by way of complaint against KOGV, LLC ("KOGV"), Giselle Deiaco ("Giselle"), Roberto Deiaco ("Roberto"), and John Doe (collectively "Defendants"), states as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this action under 28 U.S.C. §1331 as this action as seeks damages Defendants' activities in violation of 15 U.S. Code § 77e, 15 U.S. Code § 77l, 15 U.S. Code § 77q and 15 U.S. Code § 77o through the sale of unregistered securities and false and fraudulent statements made in connection with the sale of those securities.

2. Venue is properly placed in the Southern District of New York pursuant to 28 U.S.C. 1391(b)(2), as each defendant resides or conducts business within the State of New York and the funds were sent by Plaintiff into New York.

## PARTIES

3. Plaintiff BJ66, LLC is a limited liability company formed in New Jersey. Its member is a New Jersey resident.

4. Defendant KOGV is a New York limited liability company. As represented by defendants to Plaintiff, each of its members are residents of the State of New York.

5. Defendant Giselle is a controlling member of KOGV and is a resident of the State of New York.

6. Defendant Roberto is the husband of Giselle and a controlling member of KOGV. Although born outside of the United States, Roberto is a resident of the State of New York

7. Defendant John Doe is an executive with KOGV and is a resident of the State of New York

## FACTUAL BACKGROUND

8. KOGV is a company which owns and operated a restaurant known as Avena. As described by Giselle to the Plaintiff prior to the entry of their investments, KOGV was wholly owned by Giselle and Roberto equally with Giselle acting as manager of the restaurant and Roberto as chef.

9. In early 2019, Giselle had been in conversations with multiple investors inclusive of the principal of Plaintiff, Bruce Baldinger, about the opening of a second restaurant which would be called "Avena UES." Giselle had provided many potential investors inclusive of Plaintiff with a Project Brief (the "Brief") which provided the base of the investment.

10. The Brief highlighted certain points:

    - The restaurant had a "grandfathered full liquor license";.
    - Investors would be "limited partners" and receive 80% of all profits until the initial investment was repaid and then 20% of profits thereafter;
    - Each investor would be provided with a $3,000.00 annual dining credit along with a 20% discount from each dining check.

11. With this as the minimum core understanding of the transaction, Plaintiff and Defendant entered into a Loan and Participation Agreement ("Agreement") on November 4, 2019. Although the document is undated, November 4, 2019 was the date it was returned via email from Defendants.

12. The Agreement provided the following terms and obligations:

    - Plaintiffs would make a loan to the Defendants (the "Loan") which would be one component of the investment in Avena UES;
    - The Loan proceeds were to be utilized solely for the startup and operations Avena UES;
    - Repayment of the Loan was to be made in quarterly installments with no investor being preferred in any fashion;
    - 80% of the profits of KOGV (as an entity and not just from Avena UES) were to be distributed to the investors until they realized a return of 120% on their loans/investments.
    - Once the Loan component of the investment was repaid, the investors were to receive 20% of all of KOGV's profits as the investment component of the Agreement, in perpetuity.
    - In addition to the dining discount offered in the Brief, investors were to receive a further credit of $3,000.000 per year;
    - In the event of any sale of KOGV, the investors would receive 20% of any net proceeds;
    - Should repayment of the Loan not be made within three years, KOGV would be in default (as per above, the Loan was entered into on Nov. 4, 2019);
    - The Loan provided for step-in rights which allowed the Plaintiff and other investors the right to take over operations in the event of a default;
    - Until the Plaintiff was fully repaid, Giselle was not permitted to draw a salary from KOGV or the operations at Avena UES and Roberto was not permitted to earn greater than $130,000.00 from all ventures;
    - The total amount borrowed was $1,000,000.00 and no additional moneys would be borrowed without Plaintiff's consent;

- Giselle and Roberto were the sole owners of KOGV and their interests were free and clear of any liens or encumbrances;
- As fiduciaries, Giselle and Roberto would dedicate their full efforts to the venture until the loan component of the investment was repaid;
- No other investors or lender had been provided more favorable terms;
- In addition to default occurring should the loan not be repaid in keeping with the Agreements terms, the failure to provide restaurant credits or the failure to adhere to any other obligations or covenants by KOGV would constitute a default;
- Upon default, the full amounts owed to Plaintiff would become due and KOGV was liable for all counsel fees and costs of suit. Interest of 18% or the highest amount permitted by law was to be applied to the loan balance;
- KOGV was to provide quarterly profit and loss statements as well as any other documents requested by Plaintiffs;
- KOGV was to maintain accurate and complete records that would be made available to Plaintiff; and,
- In the event of any other venture by KOGV, Giselle or Roberto, Plaintiff would have a right of first refusal.

13. After Plaintiff paid the investment funds to Defendants, Plaintiff learned that many of the representations made by Giselle and Roberto in connection with and in order to induce Plaintiff and the other investors to provide funding and to participate in the investment were utter falsities.

14. Contrary their express representations, Giselle and Roberto were not the only members of KOGV. The entity had at least one other significant member, John Doe, who was also KOGV'S Chief Executive Officer.

15. Despite their representation that the total amount borrowed was limited to $1,000,000.00, upon information and belief gained through other investors in KOGV, KOGV through, Giselle and Roberto, had actually borrowed an amount far in excess of that sum. Despite signing a document restricting the further borrowing of funds without the approval of Plaintiff, just three weeks later Giselle sought and did cause KOGV to borrow additional moneys. This included additional borrowing from at least one other person who invested with KOGV at the same time as Plaintiff made its investment.

16. Contrary to Giselle and Robert's representation that KOGV had a grandfathered liquor license, at the time of Plaintiff's investment, Defendant KOGV had no liquor license and was unable to provide liquor for a substantial period of time, thus hampering business operations. Even then, Plaintiff came to learn from an officer of KOGV that Giselle and Roberto placed the valuable liquor license in a third parties' personal name rather than including it as an asset of the company.

17. The Defendants' deceptions did not stop there. Despite their obligations to provide financials, Defendants refused to do so and also refused to meet with Plaintiff or the other investors. When a request was made by one of the investors to Giselle that the investors needed a meeting, her response was "f**k the investors." This refusal also included Giselle's outright refusal to provide and tax information to the investors.

18. Within months of making their investment, Defendants refused to permit Plaintiff or the other investors their contractual dining credits and limited Plaintiffs' dining discount. In fact, despite the policy of providing Investors with no corkage fee related to the bringing of wine, in a retaliatory gesture Defendants imposed a $100/bottle corkage fees.

19. Without financials, there is no means to verify profits, distributions, or limitations on salaries and, through the denial of such information to the Plaintiff and the other investors, Defendants are free to use the KOGV as their personal piggy bank.

20. Despite being restricted from borrowing greater than $1,000,000.00 or preferring its lenders or investors in repayment, Plaintiff came to learn that Defendants continued to borrow funds and then provide preferential repayment to those other lenders.

21. Plaintiff also recently learned that, contrary to the contractual obligations, Giselle and Roberto have investigated the opening of another restaurant at a beach resort in the Hamptons of

New York. In doing so, they have refused to consult with Plaintiff and, if they move forward, they would be usurping a business opportunity that should first be offered to Plaintiff and the other investors.

22. In or about September, 2021, Defendants repaid Plaintiff its original investment amount but failed and refused to provide the accumulated interest, accrued credits, or to comply with the other reporting and disclosure obligations required of them.

23. Due to Defendants' fraudulent activity, continuing default of the contract terms, and their complete unwillingness to meet with Plaintiff or the other investors or provide any financial or business information, Plaintiff has suffered a loss of its negotiated and agreed upon profits

.

**FIRST COUNT**
(Common Law Fraud)

24. Plaintiff repeats the averments set forth in Paragraphs 1 through 23 as if set forth at length herein.

25. In order to induce Plaintiff to enter into the purchase of the investment, in Defendants' verbal statements and the Agreement, Defendants made multiple representations such as:

- That Defendants limited the amount of borrowing to $1,000,000.00. In fact, Defendants borrowed an amount far in excess of the $1,000,000 from other Third-Parties;
- That all of the membership interest prior to the capital raise was owned by Giselle and Roberto. Despite this representation, a significant component of its membership shares was held by at John Doe, another other officer of KOGV; and,
- That the restaurant held a grandfathered liquor license. This was simply false and delays in opening and full service was incurred due to that falsity.

26. . As described above, Defendants Giselle and Roberto as owners of KOGV, made numerous false representations.

27. Defendants knew or should have known of the falsity of their statements.

28. Defendants KOGV, intended the Plaintiff rely upon the Defendants false representations when Plaintiff was decided whether or not to invest in KOGV.

29. In deciding to invest with Defendants, Plaintiff reasonably relied upon the foregoing material representations.

28. As a result, Plaintiff reliance upon the Defendants' false statements, Plaintiff has suffered damages inclusive of its return on investment, the annual credits, lost profits, and other benefits established in the Agreement.

WHEREFORE, Plaintiff BJ66, LLC demands judgment against Defendants KOGV, LLC, Giselle Deiaco and Roberto Deiaco, jointly and severally, as follows:

a. Compensatory damages in the amount of $1,000,000.00 or such other amounts as may be determined at trial;
b. Punitive damages;
c. Injunctive relief inclusive of the appoint of an attorney in keeping with Plaintiff's step-in rights
d. Interest;
e. Attorney's fees;
f. Costs of suit;
g. Such further relief as the Court should deem just and proper.

**SECOND COUNT**
(Equitable Fraud)

29. Plaintiff repeats the proceeding averments as if set forth at length herein.

30. As part of their statements and representations made in order to induce Plaintiff to invest with Defendants, Defendants Giselle and Roberto, acting as officers of KOGV and creating their special relationship, made the previously described false statements.

31. In making the investment, Plaintiff reasonably relied upon Defendants' false statements, both oral and through the writings.

32. Due in material part to Defendants' false statements, Plaintiff has suffered damages.

33. Equitable fraud is similar common law fraud but does not require knowledge of the falsity and an intent to obtain an undue advantage Mandarin Trading Ltd. v. Wildenstein, 16 NY3d 173, 180 (2011).

WHEREFORE, Plaintiff BJ66, LLC demands judgment against Defendants KOGV, LLC, Giselle and Roberto, jointly and severally, as follows:

a. Compensatory damages in the amount of $1,500,000.00 or such other amounts as may be determined at trial;
b. Punitive damages;
c. Injunctive relief;
d. Interest;
e. Attorney's fees;
f. Costs of suit;
g. Such further relief as the Court should deem just and proper.

**FOURTH COUNT**
(Negligent Misrepresentation)

34. Plaintiff repeats the proceeding averments as if set forth at length herein.

35. In raising the capital from Plaintiff, Defendants Giselle, Roberto and KOGV made numerous incorrect statements such as the existence of a liquor license, the fact that the liquor licenses was allegedly "grandfathered" and the ownership structure of KOGV, as well as the limitation on borrowing.

36. As the recipients of the funds and officers of the business which Plaintiff invested in, these Defendants had a duty of care of Plaintiff.

37. Had these Defendants not made such assurances to Plaintiff, Plaintiff would not have

invested with Defendants.

38. In making its investment, Plaintiff reasonably and justifiably relied upon those statements.

39. As a result, Plaintiff has suffered economic damages.

WHEREFORE, Plaintiff BJ66, LLC demands judgment against Defendants KOGV, LLC, Giselle Deiaco and Roberto Deiaco, jointly and severally, as follows:

a. Compensatory damages in the amount of $1,500,000.00 or such other amounts as may be determined at trial;
b. Punitive damages;
c. Injunctive relief;
d. Interest;
e. Attorney’s fees;
f. Costs of suit;
g. Such further relief as the Court should deem just and proper.

**FIFTH COUNT**
(Breach of Contract)

40. Plaintiff repeats the averments set forth in Paragraphs 1 through 39 as if set forth at length herein.

41. As part of the $1,000,000.00 capital raise, Plaintiff and Defendants entered into the Agreement in writing by which in exchange of an investment of $100,000.00, Plaintiff would be entitled to specific benefits inclusive of a return on its investment, future profits, dining credits, future participation, and other real and substantial emoluments.

42. Shortly after investing, all information related to the restaurant ceased and, despite frequent demand, Defendants have precluded Plaintiff from obtaining any financial information.

43. Plaintiff has been denied their dining credit or discounts and, in retaliation for complaints regarding the unilateral withdrawal of rights, the program permitting Plaintiff to not incur corkage was reversed without notice and Defendants required the payment of up to $100.00

per bottle.

44. Other events of default include preferring certain lenders over others and borrowing sums in excess of $1,000,000.00 without the consent of the Plaintiff.

45. Aside from other remedies available to Plaintiff, in the event of non-payment the Plaintiff had step-in rights to take over the restaurant and its operations.

46. By payment of its investment sum, Plaintiff has fully complied with its contractual terms.

47. As a result of the myriad defaults by Defendants, Plaintiff has suffered damages.

WHEREFORE, Plaintiff BJ66, LLC demands judgment against Defendant KOGV, LLC, as follows:

a. Compensatory damages in the amount of $1,500,000.00 or such other amounts as may be determined at trial;
b. Injunctive relief;
c. Interest;
d. Attorney's fees;
e. Costs of suit;
f. Such further relief as the Court should deem just and proper.

**SIXTH COUNT**
(Breach of Fiduciary Duties)

48. Plaintiff BJ66 repeats the averments in Paragraphs 1 through 47 as if set forth at length herein.

49. As managers of KOGV, Giselle, Roberto and John Doe had a fiduciary duty to its investors, inclusive of Plaintiff. Defendants further had an enhanced fiduciary duty to its lenders in the event of insolvency.

50. Giselle constantly excused her ability to make quarterly payments to Plaintiff and to pay

the landlord, by claiming that KOGV simply did not have the funds to pay its bills. When asked to support this claim with KOGV's financial, Giselle either refused or concocted stories about trying to obtain the records

51. These statements of insolvency were made despite her expressed desires to expand the restaurant to a second floor and to open other locations.

52. By executing the Agreement as fiduciaries, Roberto and Giselle agreed to provide their full time and efforts to Avena UES for the protection of Plaintiff and the other investors. However, Defendants, Giselle and Roberto have violated these obligations by investigation and preparing to open other locations and attending to the original Avena location.

53. As the CEO of the Company and also being a fiduciary to Plaintiff and the other investors, John Doe, was not only aware of each of these activities but acted in concert with Roberto and Giselle by permitting them to advance.

54. Demand has also been made upon all of the officers inclusive of John Doe for the company's financials but each has failed to provide the same to Plaintiff or the other contract investors despite his position with the KOGV.

55. As the CEO of KOGV, John Doe is also aware of either the efforts by Giselle and Roberto to openly compete against KOGV or, in the alternative, to dilute Plaintiff's holdings through the admission of other investors and the diversion of profits from KOGV. He is also aware of their financial improprieties and self-dealing, but has taken no action to curb them.

56. Despite that knowledge, as a further breach if his fiduciary duties, John Doe has not acted in the best interests of KOGV, Plaintiff or its investors by precluding Giselle and Roberto from furthering such activities.

57. As a result of Defendants' breaches of their fiduciary duties to Plaintiff, Plaintiff have been damaged.

WHEREFORE, Plaintiff BJ66, LLC demands judgment against Defendants KOGV, LLC, John Doe, Giselle Deiaco and Roberto, Deiaco, jointly and severally, as follows:

a. Compensatory damages in the amount of $1,500,000.00 or such other amounts as may be determined at trial;
b. Punitive damages;
c. Injunctive relief;
d. Interest;
e. Attorney's fees;
f. Costs of suit;
g. Such further relief as the Court should deem just and proper.

**SEVENTH COUNT**
(Constructive Trust)

58. Plaintiffs repeat the averments in Paragraphs 1 through 57 as if set forth at length herein.

59. In executing the restrictive covenants in the Agreement, Defendants Giselle and Roberto agreed to provide their full services to Avena UES until Plaintiff and the other contract investors had been repaid and to restrict their income until that point.

60. Upon information and belief, Giselle and Roberto have drawn sums far in excess of the limited amounts and have violated their covenants.

61. Through their activities, Giselle and Roberto have siphoned off funds from the Avena enterprise to benefit and enrich themselves.

62. Due to the covenant restricting Giselle and Roberto's income, Plaintiff has and continues to have a beneficial interest in those funds which Giselle and Roberto wrongfully obtained.

63. As a result of being deprived of the financial remuneration to which Plaintiff is entitled under the Agreement, Plaintiff has and will continue to suffer damages.

WHEREFORE, Plaintiff BJ66, LLC demands judgment against Defendants KOGV, LLC, Giselle Deiaco and Roberto Deiaco, jointly and severally, as follows:

a. Compensatory damages in the amount of $1,500,000.00 or such other amounts as may be determined at trial;
b. Establishment of a constructive trust;
c. Injunctive relief;
d. Interest;
e. Attorney's fees;
f. Costs of suit;
g. Such further relief as the Court should deem just and proper.

**EIGHTH COUNT**
(Violations of Sections 5(a), 5(b), and 5(c) of the Securities Act)

64. Plaintiff repeats and realleges the preceding averments of its Complaint.

65. No registration statement was filed or in effect pursuant to the Securities Act with respect to the securities issued by the Defendants and no exemption from registration existed with respect to these securities.

66. In connection with the sale of the ownership interest, throughout 2020, Defendants Giselle and Roberto directly and indirectly:

(a) made use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, through though the use or medium of the Project Brief, agreements, or otherwise; or

(c) made use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any

prospectus or otherwise any security, without a registration statement having been filed or being in effect as to such securities.

67. By reason of the foregoing the Defendants subject to this count violated and, unless enjoined, are reasonably likely to continue to violate Sections 5(a), 5(b), and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)].

WHEREFORE, Plaintiff BJ66, LLC DEMANDS judgment against Defendants KOGV, LLC, Giselle Deiaco and Roberto Deiaco, jointly and severally, as follows:

a. Compensatory damages in the amount of $1,500,000.00 or such other amounts as may be determined at trial;
b. Statutory damages;
c. Injunctive relief;
d. Interest;
e. Attorney's fees;
f. Costs of suit;
g. Such further relief as the Court should deem just and proper.

**NINTH COUNT**
(Violations of Section 17(a) of the Securities Act)

68. Plaintiff repeats the averments in Paragraphs 1 through 62 as if set forth at length herein.

69. Through their platform at their original restaurant, Giselle, Roberto, John Doe and KOGV made a broad-based offering of the investment to the public. This was evidenced through the Project Brief that was provided to many potential investment sources as well as the covenants made in the parties' written agreement.

70. Neither KOGV nor Giselle, Roberto or John Doe took actions to register the securities offering with the Securities and Exchange Commission.

71. In providing the investment, Giselle, Roberto, John Doe and KOGV took no efforts to limit the resale of Plaintiffs' shares to third parties.

72. In the offer or sale of securities by use of the means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, knowingly or recklessly employed devices, schemes or artifices to defraud.

73. By reason of the foregoing, KOGV, Giselle, Roberto and John Doe, directly and indirectly have violated, and unless enjoined, are reasonably likely to continue to violate, Section l7(a) of the Securities Act [15 U.S.C. § 77q(a)] and jointly and severally liable therefore.

WHEREFORE, Plaintiff BJ66, LLC demands judgment against Defendants KOGV, LLC, Giselle Deiaco, Roberto Deiaco, and John Doe, jointly and severally, as follows:

a. Compensatory damages in the amount of $1,500,000.00 or such other amounts as may be determined at trial;
b. Statutory damages;
c. Injunctive relief;
d. Interest;
e. Attorney's fees;
f. Costs of suit;
g. Such further relief as the Court should deem just and proper.

**TENTH COUNT**
(Violations of Section 10(b) and Rule 10(b) 5 of the Exchange Act)

74. Plaintiff repeats the averments in Paragraphs 1 through 74 as if set forth at length herein.

75. Throughout 2020, the Defendants subject to this count, directly and indirectly, by use of the means and instrumentalities of interstate commerce, or of the mails in connection with the purchase or sale of securities, knowingly or recklessly engaged in acts, practices and courses of business which operated as a fraud upon the purchasers of such securities.

76. By reason of the foregoing, Defendants directly and indirectly have violated, and unless

enjoined, are reasonably likely to continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78, and Rule I0b-5, 17 C.F.R. § 240.1 0b-5(c), thereunder.

WHEREFORE, Plaintiff BJ66, LLC demands judgment against Defendants KOGV, LLC, Giselle Deiaco, Roberto Deiaco, and John Doe jointly and severally, as follows:

a. Compensatory damages in the amount of $1,500,000.00 or such other amounts as may be determined at trial;
b. Statutory damages;
c. Injunctive relief;
d. Interest;
e. Attorney's fees;
f. Costs of suit;
g. Such further relief as the Court should deem just and proper.

**ELEVENTH COUNT**

(Violation of Section 20(a) of the Exchange Act – Control Person Liability)

77. Plaintiff repeats and realleges Paragraphs I through 76 of this Complaint as if fully set forth herein.

78. Throughout 2020, Giselle, Roberto and John Doe have been, directly or indirectly, control persons of KOGV for purposes of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

79. As control persons of KOGV, Giselle, Roberto and John Doe are jointly and severally liable with and to the same extent KOGV for each of their violations of Section 10(b) and Rule 10b-5 of the Exchange Act.

80. By reason of the foregoing, Giselle, Roberto and John Doe directly and indirectly have violated, and unless enjoined, are reasonably likely to continue to violate, Sections l0(b) and 20(a) and Rule l0b-5 of the Exchange Act, 15 U.S.C. § 78j(b) and § 78t(a), and 17 C.F.R. § 240.l0b-5.

WHEREFORE, Plaintiff BJ66, LLC demands judgment against Defendants KOGV, LLC,

Giselle Deiaco, Roberto Deiaco and John Doe, jointly and severally, as follows:

a. Compensatory damages in the amount of $1,500,000.00 or such other amounts as may be determined at trial;
b. Statutory damages;
c. Injunctive relief;
d. Interest;
e. Attorney's fees;
f. Costs of suit;
g. Such further relief as the Court should deem just and proper.

*/s/ Paul I. Perkins*

______________________________

Paul I. Perkins, Esq. (SDNY Bar#PP0322)
Attorney for BJ66, LLC
40-21 Bell Blvd., Second Floor
Bayside NY 11361
T: 551.502.0042
F: 201.254.3353
E: pip@p-firm.com

Dated: January 21, 2021